IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSÉ A. MENÉNDEZ**,
    Plaintiff,

v.                                  Civil No. 15–2679 (BJM)

**UNITED STATES OF AMERICA** *et al.*,
    Defendants.

**OPINION AND ORDER**

José Menéndez ("Menéndez) brought this action against the United States of America and the Commissioner of the Social Security Administration, Carolyn Colvin, (collectively "United States") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, alleging that the Social Security Administration ("SSA") negligently failed to pay Menéndez the benefits that he is owed. Docket No. 1 ("Compl."). The United States moved to dismiss the claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Docket No. 9, and Menéndez opposed. Docket No. 10. The parties consented to proceed before a magistrate judge. Docket No. 15.

For the reasons set out below, the motion to dismiss is **GRANTED**.

**MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts are bound to construe jurisdictional grounds narrowly. *See, e.g.*, *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979). When deciding a motion to dismiss under Rule 12, a court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in the non-movant's favor. *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006); *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 144 (1st Cir. 2002). The party asserting federal jurisdiction has the burden of proving its existence by the preponderance of the evidence. *Murphy*

*v. United States*, 45 F.3d 520, 522 (1st Cir. 1995); *Bank One, Texas v. Montle*, 964 F.2d 48, 50 (1st Cir. 1992).

When deciding whether subject-matter jurisdiction exists, the court follows two general rubrics: (1) when a defendant challenges the legal sufficiency of the facts alleged, the court credits plaintiffs' factual allegations and draws reasonable inferences in his or her favor; and (2) when the defendant challenges the truth of facts alleged by the plaintiff and offers contrary evidence, the court weighs the evidence. *Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).

Although 12(b)(1) is "usually employed in the instance in which the moving party believes there is no federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332," 12(b)(1) is also an appropriate "procedural vehicle" to challenge a "[f]ailure to exhaust administrative remedies." *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), on the other hand, "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). The plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary" for the action. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). In evaluating a motion to dismiss, the court first discards any "'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" *Ocasio-Hernández*, 640 F.3d at 12 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The remaining "[n]on-conclusory factual allegations" are fully credited, "even if seemingly incredible." *Id*. The court engages in no fact-finding and does not "forecast a plaintiff's likelihood of success on the merits." *Id.* at 13. Rather, it presumes that the facts are as properly alleged by the plaintiff and draws all reasonable inferences in the plaintiff's favor. *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Taken together, the facts pleaded must "state a plausible, not a merely conceivable, case for relief." *Ocasio-Hernández*, 640 F.3d at 12.

**BACKGROUND**

Menéndez is a recipient of Social Security benefits. Compl. at 3. In 2007, the SSA owed Menéndez over $35,000 in benefits; the SSA made two partial payments to Menéndez in 2007 and 2001, totaling $22,310. Menéndez sought a hearing in front of an administrative law judge ("ALJ") to recover the remaining $12,965.80 that he was owed, and the ALJ issued her final ruling on March 3, 2014, issuing a fully favorable decision for Menéndez. Compl. at 3; Docket No. 1-3 at 3. The SSA then mailed Menéndez a payment plan on April 19, 2014 explaining the new payment schedule and amount of the payments it would be making to Menéndez in compliance with the ALJ's ruling. Docket No. 1-3 at 7. The SSA then subsequently carried out the payment plan. Docket No. 10 at 2. Menéndez alleges that the payments that the SSA made to Menéndez failed to adequately comply with the ALJ's ruling as the SSA paid Menéndez $4,070 rather than the $12,965.80 that Menéndez had requested in front of the ALJ. *See* Docket No. 10 at 2 ("Mr. Menéndez requested a payment of $12,965.80 had the Entitlement date to start receiving benefits was March 2006 [sic]. . . . Later on, after the Social Security Judge had issued her decision on March 3, 2014, the Government paid only $4070.00."); Compl. at 3 ("The SS Administration has simply ignored the Judge's decision, paying whatever they feel like and making Mr. Menéndez file this law suit to seek redress."). On February 19, 2015, Menéndez sent a letter to the SSA contesting the amount of money that the SSA had paid him and asking the SSA to pay the remaining balance. *See* Docket No. 1-3 at 1; Docket No. 10 at 2.

**DISCUSSION**

The United States seeks a dismissal of Menéndez's claim for lack of subject-matter jurisdiction and failure to exhaust his administrative remedies under 12(b)(1) and failure to state a claim upon which relief can be granted under 12(b)(6). Docket No. 9 at 2. A court must have subject-matter jurisdiction over each claim and can "proceed no further if such jurisdiction is wanting." *Godin v. Schencks*, 629 F.3d 79, 83 (1st Cir. 2010) (quoting *In re Recticel Foam Corp.,* 859 F.2d 1000, 1002 (1st Cir. 1988)). Consequently, "[w]e are bound to consider the 12(b)(1)

motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject-matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

This court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. However, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). In the absence of such consent, in the form of a clear expression of congressional intent, a district court lacks jurisdiction to entertain a suit against the United States. *See Mitchell*, 445 U.S. at 538.

By virtue of the FTCA, the United States has waived its immunity for the torts of its employees under certain circumstances. 28 U.S.C. §§ 1346, 2671 *et seq*. Section 1346(b) of the FTCA provides that the United States shall be liable for "money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b)(1).

Here, Menéndez seeks to establish federal jurisdiction under federal question jurisdiction and under the jurisdiction granted by the FTCA. Compl. at 1. However, the well-established principle that "neither federal question nor federal defendant jurisdiction is available for suits 'to recover on any claim arising under' the [Social Security] Act" is fatal to Menéndez's claim. *Puerto Rican Ass'n of Physical Med. & Rehab., Inc. v. United States*, 521 F.3d 46, 48 (1st Cir. 2008) (quoting 42 U.S.C. § 405(h)); *see* 42 U.S.C.A. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.). Moreover, "the

Supreme Court has interpreted broadly the section 405(h) bar, holding that a claim "arises under the Social Security or Medicare Act if the standing and the substantive basis for the claim derive from that statute. The provision thus mandates the channeling of virtually all legal attacks through the agency." *Puerto Rican Ass'n of Physical Med. & Rehab., Inc.*, 521 F.3d at 48 (internal quotations and citations omitted); *see Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 14 (2000) (scope of § 405(h) includes "[c]laims for money, claims for other benefits, claims of program eligibility, and claims that contest a sanction or remedy").

Courts across the country have held that plaintiffs may not use the Federal Tort Claims Act to seek damages arising from the United States' violation of the Social Security Act. *See Agcaoili v. Thayer*, 365 F. App'x 372, 374–75 (3d Cir. 2010) (no subject-matter jurisdiction for plaintiff's FTCA claim because plaintiff's "exclusive means of challenging the calculation and payment of her Social Security benefits lies under 42 U.S.C. § 405(g)"); *Goings v. United States*, 287 F. App'x 543, 543–44 (8th Cir. 2008) (no subject-matter jurisdiction as plaintiff's FTCA claim "was precluded by section 405(h) because it required the district court to review the ALJ's decision and determine whether the absence of his medical records affected the outcome"); *Raczkowski v. United States*, 138 F. App'x 174, 174 (11th Cir. 2005) ("The [Social Security] Act provides both a means of judicial review of the Commissioner's determinations and a bar on FTCA claims."); *Jarrett v. United States*, 874 F.2d 201, 204 (4th Cir. 1989) ("The language of § 405(h) is unambiguous and precludes the present action because it is an effort to recover on a claim arising under the Social Security Act.").

The substantive basis for Menéndez's claim is the Social Security Act. *See generally* Compl. Consequently, Menéndez's claim under the FTCA is barred by the strict remedy scheme of the Social Security Act, and this court has no subject-matter jurisdiction.

Furthermore, even if this court were to construe Menéndez's claim as one arising under 42 U.S.C. § 405(g)—the appropriate remedy for claims under the Social Security Act—that remedy is not available because Menéndez did not complete the administrative appeals process before

filing the present complaint. Under 42 U.S.C. § 405(g), a claimant "after any *final decision of the Commissioner of Social Security* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g) (emphasis added). As such, "[w]hen a claimant is not satisfied with an ALJ's hearing decision, the claimant may request review from the Appeals Council within sixty days of receipt of the decision. The Appeals Council may 'deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case' to an ALJ." *Smith v. Comm'r of Soc. Sec.*, 880 F.3d 813, 815–16 (6th Cir. 2018) (quoting 20 C.F.R. §§ 416.1467–416.1468). The decision of the Appeals Council constitutes a final decision of the Commissioner of Social Security, and thus "[t]hereafter, [a claimant] may seek judicial review in federal district court, pursuant to 42 U.S.C. § 405(g)." *Bowen v. City of New York*, 476 U.S. 467, 472 (1986); *see Lahey Clinic Hosp., Inc.*, 399 F.3d at 14 n.15 (§ 405(h) is the "exclusive avenue of judicial review" for Social Security claimants but only "[a]fter the individual or provider has exhausted the administrative provisions laid out in § 405(b)" is the claimant "then allowed to seek judicial review under § 405(g)").

Nowhere in Menéndez's complaint or response to the United States's motion to dismiss does Menéndez claim that he sought an appeal from the Appeals Council. *See* Compl.; Docket No. 10. Although Menéndez does, in passing, argue that the government did not prove why Menéndez should "appeal anything" having received the favorable review from the ALJ, Menéndez did not flesh out his argument or provide support for his contention that he could bypass the administrative procedures. *See* Docket No. 10 at 2. As legal arguments "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived[,]" Menéndez's argument on the matter is considered waived. *See Forestier Fradera v. Municipality of Mayaguez*, 440 F.3d 17, 21 (1st Cir. 2006) (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)). In addition, Menéndez offers no proof that he appealed after receiving the unfavorable payment

plan. Having failed to exhaust his administrative remedies, Menéndez is precluded from seeking judicial review in this court.

Finally, even accepting Menéndez's argument that the SSA's failure to respond to Menéndez's February 2015 letter to the Office of General Counsel of the SSA constituted a final denial of his claim, Menéndez's claim still must fail "because more than 60 days have elapsed from the issuance of the SSA's final denial of benefits." *Raczkowski*, 138 F. App'x at 176. Under 42 U.S.C. § 405(g), and as stated in the SSA's letter providing the payment schedule and payment amounts, Menéndez had 60 days to appeal the SSA's decision. If the clock began running after the SSA sent the payment plan—as the amount of money promised in the payment plan is what Menéndez contests rather than the ALJ's ruling the month prior—Menéndez did not send the letter to the SSA until one year after receiving the payment plan and did not file the present complaint until over 18 months after receiving the payment plan. *See* Docket No. 1.

With no subject-matter jurisdiction, I find that the United States's motion to dismiss based on lack of subject-matter jurisdiction must be **GRANTED**.

As the court does not have subject-matter jurisdiction over Menéndez's claim, there is no need to reach the United States's arguments under 12(b)(6).

## CONCLUSION

For the foregoing reasons, the United States's motion to dismiss is **GRANTED**, and Menéndez's claim is **DISMISSED. IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of April, 2018.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge